BAKER et ux. v. SLAUGHTER & MOOREHEAD. (No. 6035.)

(Court of Civil Appeals of Texas.    Austin. Feb. 5, 1919.    Rehearing Denied March 19, 1919.)

PARTNERSHIP ☜213(1) — ACTION ON CONTRACT—PLEADING.

A petition, in action for broker's commissions for procuring a purchaser for real estate, brought by a partnership, was not demurrable, as alleging a contract made by an individual plaintiff, where petition in fact alleged a contract with a partnership, notwithstanding an immaterial allegation that defendant had listed his land with one of partners.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by Slaughter & Moorehead against J. T. Baker and wife.    Judgment for plaintiffs, and defendants appeal.    Affirmed.

Cross & Rogers, of Waco, for appellants. Tirey & Tirey, of Waco, for appellees.

JENKINS, J.    Appellees are real estate brokers.    They alleged that appellants requested them to procure a purchaser for certain lands which they owned; and agreed to pay them, in case said property was traded or exchanged for other property, 2½ per cent. for such portion as was traded, and 5 per cent. for such portion of said land as was to be paid for in money in excess of any trade.    That in pursuance of such contract they procured a purchaser for said land. $10,280 of the purchase price was paid in other lands, and $7,960 was paid in money, by reason of which they were entitled to a commission of $655.

Appellants, in addition to general demurrer and general denial, alleged that the appellees did not represent them in the transaction in which the exchange of land was effected, and that they never agreed to pay them any commission on such transaction.

The case was submitted to a jury upon the following special issues:

"(1) Did the defendants authorize the plaintiffs, Slaughter & Moorehead, on or about June, 1916, to secure a person who would purchase or trade for the land in question?"    To which the jury answered, "Yes."

"(2) Did the defendants agree to pay the plaintiff a commission of 2½ per cent. on trade, and 5 per cent. on cash sale, if plaintiffs would secure a person who would purchase or trade for their land?"    To which the jury answered, "Yes."

"(3) Were the plaintiffs or either of them the procuring cause of the exchange of lands between the defendants and F. Will Vahrenkamp? That is, did the plaintiffs or either of them bring about the exchange of lands between the defendants and Vahrenkamp?"    To which the jury answered, "Yes."

The testimony is sufficient to sustain the findings of the jury.

Appellants' first assignment of error is that the court erred in overruling their general demurrer, for the reason that appellees' petition shows that the suit was brought by Slaughter & Moorehead, a partnership, upon a contract made and entered into by O. D. Slaughter, individually.

The court did not err in overruling the demurrer.    It is true that the petition alleges that some two years prior to the sale, appellant J. T. Baker had listed his land with O. D. Slaughter, but it does not allege any contract with Slaughter further than this allegation.    The petition does allege a contract with Slaughter & Moorehead.    The allegation as to O. D. Slaughter was immaterial, and this suit was not brought upon any contract with Slaughter.

The only remaining assignment of error is that the court erred in refusing to peremptorily instruct a verdict for appellant. The statement and argument under this assignment show that it is in effect the same as the first assignment, and that the ground for such requested charge was that there was a variance between allegation and the proof,

in that plaintiffs brought suit as a partnership on a contract made with one of the partners prior to the creation of such partnership, and that the testimony showed a contract with the partnership and not with Slaughter individually.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.